IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ] | |
| Plaintiff, ] | |
| v. ] | CASE NO. 5:09-CR-53-KOB-TMP |
| MARCUS JEROME PROVENS, ] | |
| Defendant. ] | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the court on the Defendant's "Objection to Report and Recommendation Denying Motion to Suppress Search" (doc. 19). In the "Report and Recommendation" (doc. 18), Magistrate Judge Putnam recommended the Defendant's "Motion to Suppress Statements and Evidence" (doc. 15) be granted in part and denied in part: granted as to the Defendant's statements made before he was given his *Miranda* rights, and denied as to the evidence obtained during the searches of his automobile after his arrest. For the reasons stated below, the court finds the Objection should be OVERRULED, the Report and Recommendation ADOPTED, and the motion to suppress GRANTED in part and DENIED in part.

DISCUSSION

A. Factual Dispute

In his objection, the Defendant challlenges the factual statements contained in paragraph

1

2 of the Report and Recommendation ("R&R").  That paragraph states:

> On June 12, 2008, warrants were outstanding for the arrest of the defendant.  On that day, officers on the Marshall County Drug Task Force were conducting a warrant sweep in Marshall County, which adjoins Jackson County, looking for persons for whom warrants were outstanding.  Officers made a traffic stop of a car driven by defendant and arrested him on an outstanding warrant.  During the search of his car, officers located both crack cocaine and marijuana.

Defendant contends that

> [o]n June 12, 2008, the Defendant observed a friend being questioned by police and went to see what was happening.  When the Defendant approached the scene, the law enforcement officers at the scene conducted a Terry pat down of the Defendant and discovered crack cocaine and marijuana in his possession.  This formed the basis for his initial arrest on June 12, 2008.

The court has reviewed a draft of the transcript of the hearing held on June 22, 2008. Although the testimony was not totally clear, Investigator Turner did testify that the arrest of Defendant on June 12, 2008 and subsequent issuance of a warrant was incident to a traffic stop from which five arrests were made.  In any event, the arrest and search at issue is the September 17, 2008 arrest.  Therefore, the discrepancy as to the precise events leading to the June arrest is insignificant.

    B.  Legal Issues

The Defendant argues that the recent Supreme Court decision in *Arizona v. Gant*, ____ U.S. ___, 129 S. Ct. 1710 (2009) controls this case.  The R&R noted that the facts of *Gant* make it distinguishable from this case.  (doc. 18 at 9).  The court agrees.

In *Gant*, the Supreme Court limited the use of the search-incident-to-an-arrest exception to the general rule that warrantless searches are *per se* unreasonable under the Fourth Amendment.  129 S. Ct. at 1716. The Court recognized that this "exception derives from

2

interests in officer safety and evidence preservation that are typically implicated in arrest situations." *Id.* In the *Gant* case, the Defendant had been arrested on an outstanding warrant for driving with a suspended license, handcuffed and secured in the back seat of a patrol car when two officers searched his car. They discovered a gun and bag of cocaine. *Id.* at 1715.

Finding that the purposes for the exception – officer safety and preserving evidence incident to the arrest – did not apply, the Court affirmed the Arizona Supreme Court's suppression of evidence. In so deciding, the Court held that the search-incident-to-arrest exception authorizes a search of a vehicle when the arrestee is unsecured and within reaching distance of the passenger compartment at the time the vehicle is searched, or when evidence relevant to the crime for which he is arrested might reasonably be found in the vehicle. *Id.* at 1719.

The Court did acknowledge that "[o]ther established exceptions to the warrant requirement authorize a vehicle search under additional circumstances when safety or evidentiary concerns demand." *Id.* at 1721. An exception pertinent here is if probable cause exists "to believe a vehicle contains evidence of criminal activity. . . ." *Id.* (citations omitted).

In this case, probable cause existed to justify a search of the vehicle. A drug dog, conducting a "free air" search, alerted to the presence of controlled substances in Defendant's car. This indication gave officers the necessary probable cause to search the vehicle. The thorough search revealed hidden cocaine, and inevitably would have revealed the gun as well.

Thus, the court agrees with the Magistrate Judge that the discovery of the gun was inevitable based on the probable cause search for drugs. Even if the initial seizure of the gun could not be justified, any illegal taint is removed by the inevitability of its discovery pursuant to

a subsequent lawful search.

Therefore, the court OVERRULES the Defendant's objections (doc. 19), ADOPTS the Report and Recommendation (doc. 18), and GRANTS in part and DENIES in part Defendant's Motion to Suppress (doc. 15).  The Defendant's statements made prior to being advised of his *Miranda* rights are suppressed and cannot be used.  However, the evidence of the gun in the car is not suppressed.

DONE and ORDERED this 5th day of August, 2009.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE